**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br>LEGAULT, JEAN MARIE<br><br><br><br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 06-15578 BWB<br><br>JUDGE BRUCE W. BLACK |

## TRUSTEE'S FINAL REPORT

To:    THE HONORABLE BRUCE W. BLACK
        BANKRUPTCY JUDGE

NOW COMES THOMAS B. SULLIVAN, TRUSTEE, herein, and respectfully submits to the Court and to the United States Trustee his Final Report and Account in accordance with 11 U.S.C. §704(9).

1.    THOMAS B. SULLIVAN, TRUSTEE was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on 11/28/06. The Trustee was appointed on 11/28/06. An order for relief under Chapter 7 was entered on 11/28/06.

2.    The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.    The disposition of estate property is set forth in Exhibit B. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.    A summary of the Trustee's Final Report as of 9/20/07 is as follows:

        a.  RECEIPTS (See Exhibit C)            $        547,044.60

| | | | |
|---|---|---|---|
| b. DISBURSEMENTS (See Exhibit C) | $ | 515,683.67 |
| c. NET CASH available for distribution | $ | 31,360.93 |
| d. TRUSTEE/PROFESSIONAL COSTS | | |
| 1. Trustee compensation requested (See Exhibit E) | $ | 21,500.00 |
| 2. Trustee Expenses (See Exhibit E) | $ | 0.00 |
| 3. Compensation requested by attorney or other professionals for trustee (Exhibit F) | $ | 10,524.85 |
| e. Illinois Income Tax for Estate (See Exhibit G) | $ | 0.00 |

5.     The Bar Date for filing unsecured claims expired on <u>04/30/07</u>.

6.     All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee.   The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---|
| a. Allowed unpaid secured claims | $ | 0.00 |
| b. Chapter 7 Administrative and 28 U.S.C. §1930 claims | $ | 29,529.85 |
| c. Allowed Chapter 11 Administrative Claims | $ | 0.00 |
| d. Allowed priority claims | $ | 0.00 |
| e. Allowed unsecured claims | $ | 8,673.60 |

7.     Trustee proposes that unsecured creditors receive a distribution of 21.11% of allowed claims.

8.     Total compensation and expense previously awarded to Trustee's counsel, accountant or other professional was $0.00.  Professional's compensation and expense requested but not yet allowed is $8,029.85.  The total of Chapter 7 professional fees and expenses requested for final allowance is $29,529.85. (A summary of the professional fees and expenses previously requested is attached hereto as Exhibit G.)

9.     A fee of $1,194.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for noti ce and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b).   The Trustee further request s that the Court award final compensation and reimbursement of expenses and make final allowances of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

Dated:  9/20/07                      RESPECTFULLY SUBMITTED,

                                              By:/s/Thomas B. Sullivan
                                               THOMAS B. SULLIVAN, TRUSTEE
                                               1900 RAVINIA PLACE
                                               ORLAND PARK, IL  60462
                                               Telephone # (708) 226-2700

## TRUSTEE TASKS

On December 28, 2006 the Trustee conducted a first meeting of creditors concerning the debtor.  Schedule A listed a single family residence located at 2232 Hillsboro, Naperville, held in joint tenancy. The home was valued at $575,000 listing debt of $365,000 with roughly an equity of $210,000.  There were 17 unsecured creditors totaling $67,182.00 listed on Schedule F.

The SOFA listed a chapter 13 filing where debtors made an attempt to retain the real estate before the filing of the Chapter 7.

Schedule I listed the debtor as a customer service representative at Crate and Barrel for one year and the non-filing spouse as owner/manager of Color All over three years.  Debtors salary was $1,950 per month and the souse had income of $5,000 per month.  The expenses shown for the home was $3,840.00 per month.

The case was filed on November 28, 2006 the 341 meeting was scheduled for December 28, 2006.  The first mortgage holder filed a motion to modify the stay on December 12, 2006 for a hearing on January 5, 2007.

At the 341 hearing the Trustee continued the case to January 18, 2007 to investigate the value of the home.  The debtor confirmed the information listed in the schedules and state they had been attempting to sell the home but were unable to obtain any reasonable offers.  The debtor did testify that $575,000 was a reasonable sale price.

**3 HOURS**

On December 12, 2006 Wells Fargo Bank filed a motion to modify the stay and foreclose on the property. On January 5, 2007 J.P. Morgan Chase filed a motion to modify the say. The Trustee retained counsel to defend against the two mortgage holders attempting to foreclose.

The Trustee continued the case to January 18, 2007. At that time the Trustee's counsel had already researched title and found it clear except the first and second mortgages. The Trustee determined that by administering the case the creditors who already had filed claims would receive a meaningful distribution from administering the case.

**5 HOURS**

After the Trustee retained counsel and filed an initial report of assets the Trustee retained the services of a real estate broker. The broker did a market analysis and a drive by inspection. The broker was not able to gain access to the home. The broker stated the home should sell for approximately $550,000 but should be listed at $595,000 based on an analysis of the total area.                    **5 HOURS**

The response to the request for relief from the automatic stay by bother the first and second mortgage holders was basically the same. The Wells Fargo claim was listed at $254,000 and the J.P. Morgan Chase claim was $125,000.

According to the Chase motion the value of the property was $575,000. The Trustee had conducted a market appraisal of the property and was informed and believed that the value was at least $575,000. Under this analysis the Trustee believes there to be at least $190,000 in equity in the property. The equity cushion is sufficient to provide adequate protection for Chase's lien in the property.

The Trustee had retained a broker and the Trustee fully intended to pay Wells Fargo Bank and JP Morgan Chase Bank.  The Trustee further intended to conduct a sale which will cover all costs, pay $30,000 in exemptions and make a meaningful distribution to unsecured creditors.

The Trustee proceeded with the sale of the real estate even though a high level of radon had to be investigated and repairs were required to the exterior.                                                    **18 HOURS**

The sale of the real estate was for $547,000.  A final closing statement at Chicago Title listed final disbursements as first mortgage payoff of $267,726.22, second mortgage payoff of $147,710.91, real estate taxes of $9,972.27, broker commissions of $32,820.00, title insurance, county stamps, recording fees, survey of $2,915.00, repairs to Dryvit, $4,445.00, radon inspection of $150.00, exemption to debtor of $15,000.00, homeowners association fees of $1,427.95, radon repairs of $1,075.00, warranty for moisture of $995.00, fee for HOA payoff and overnight delivery fees of $130.00 and sale funds to husband of debtor of $31,316.32.

The net closing resulted in the estate receiving a net amount of $31,316.33.  The secured creditors and the exemption of debtor were paid in full.  The non-filing spouse received $31,316.32 in equity for his interest in the house.

If the estate had not been administered by the Trustee the unsecured creditors would have had no return and the debtor and debtor's non-filing spouse would not have received their exemption or recovered any equity in the house.                              **29 HOURS**

An accountant was employed and final tax returns were prepared and filed.  A letter from the IRS was received acknowledging no tax liability to the estate.                              **1 HOUR**

Claims were examined and a final report was prepared and filed.

**2 HOURS**

**63 HOURS @ $475.00/HOUR = $29, 925.00**

**EXHIBIT A**

**EXHIBIT B**

**DISPOSITION OF ESTATE PROPERTY**

| Scheduled Property and Disposition | Amount Realized |
|---|---|
|  |  |

| Unscheduled Property | Amount Realized |
|---|---|
| See Forms 1 & 2, attached hereto |  |

TOTAL RECEIPTS                                         $            547,044.60

TOTAL SCHEDULED VALUE
OF PROPERTY ABANDONED                        $             15,900.00

TOTAL SCHEDULED VALUE
OF EXEMPT PROPERTY                              $             37,600.00

**EXHIBIT C**

**CASH RECEIPTS AND DISBURSEMENTS**

# Form 1

Page: 1

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| **Case Number:** 06-15578 BWB | **Trustee:** (330180)  THOMAS B. SULLIVAN, TRUSTEE |
| **Case Name:** LEGAULT, JEAN MARIE | **Filed (f) or Converted (c):** 11/28/06 (f) |
| | **§341(a) Meeting Date:** 12/28/06 |
| **Period Ending:** 09/14/07 | **Claims Bar Date:** 04/30/07 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 2232 HILLSBORO LANE, NAPERVILLE, IL | 575,000.00 | 151,848.00 | | 547,000.00 | 0.00 |
| 2 | CHECKING | 600.00 | 0.00 | | 0.00 | FA |
| 3 | HOUSEHOLD GOODS | 1,500.00 | 0.00 | | 0.00 | FA |
| 4 | WEARING APPAREL | 1,000.00 | 0.00 | | 0.00 | FA |
| 5 | IRA | 2,000.00 | 0.00 | DA | 0.00 | FA |
| 6 | 2002 CHEVROLET AVALANCHE | 15,000.00 | 13,400.00 | DA | 0.00 | FA |
| 7 | 1997 NISSAN PATHFINDER | 5,000.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST  (u) | Unknown | N/A | | 44.60 | Unknown |
| **8** | **Assets**      **Totals** (Excluding unknown values) | **$600,100.00** | **$165,248.00** | | **$547,044.60** | **$0.00** |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):** December 31, 2008      **Current Projected Date Of Final Report (TFR):** December 31, 2008

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| | |
|---|---|
| **Case Number:** | 06-15578 BWB |
| **Case Name:** | LEGAULT, JEAN MARIE |
| **Taxpayer ID #:** | 13-7569122 |
| **Period Ending:** | 09/14/07 |

| | |
|---|---|
| **Trustee:** | THOMAS B. SULLIVAN, TRUSTEE (330180) |
| **Bank Name:** | JPMORGAN CHASE BANK, N.A. |
| **Account:** | ***-*****55-65 - Money Market Account |
| **Blanket Bond:** | $5,000,000.00   (per case limit) |
| **Separate Bond:** | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br><br>Paid To / Received From | 4<br><br>Description of Transaction | | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|---|
| 06/11/07 | | CHICAGO TITLE AND TRUST COMPANY | SALE OF REAL ESTATE | | | 31,316.33 | | 31,316.33 |
| | {1} | | | 547,000.00 | 1110-000 | | | 31,316.33 |
| | | PHH MORTGAGE | FIRST MORTGAGE PAYOFF | -267,726.22 | 4110-000 | | | 31,316.33 |
| | | CHASE BANK | SECOND MORTGAGE PAYOFF | -147,710.91 | 4110-000 | | | 31,316.33 |
| | | DANIEL LEGAULT | HUSBAND'S PORTION OF SALE FUNDS | -31,316.32 | 8500-002 | | | 31,316.33 |
| | | WILL COUNTY | COUNTY TAXES | -4,711.33 | 2820-000 | | | 31,316.33 |
| | | WILL COUNTY | SECOND INSTALLMENT REAL ESTATE TAXES | -5,260.94 | 2820-000 | | | 31,316.33 |
| | | CENTURY 21 PRO TEAM | | -16,510.00 | 3510-000 | | | 31,316.33 |
| | | REMAX ELITE | | -16,310.00 | 3510-000 | | | 31,316.33 |
| | | CHICAGO TITLE | TITLE INSURANCE | -1,725.00 | 2500-000 | | | 31,316.33 |
| | | WILL COUNTY | COUNTY STAMPS | -273.50 | 2820-000 | | | 31,316.33 |
| | | | STATE STAMPS | -547.00 | 2820-000 | | | 31,316.33 |
| | | CHICAGO TITLE | RECORDING FEE | -69.50 | 2500-000 | | | 31,316.33 |
| | | ASSOCIATED SURVEY | SURVEY | -300.00 | 2500-000 | | | 31,316.33 |
| | | KIM WIRTZ PRINCE | RADON INSPECTION REIMBURSEMENT | -150.00 | 3520-000 | | | 31,316.33 |
| | | JAD EXTERIORS LLC | REPAIRS TO DRYVIT | -3,870.00 | 2500-000 | | | 31,316.33 |
| | | HARIHARAND SRINIVASAN | REIMBURSEMENT TO BUYER FOR DRYVIT | -575.00 | 2500-000 | | | 31,316.33 |
| | | | **Subtotals :** | | | **$31,316.33** | **$0.00** | |

{} Asset reference(s)

# Form 2

Page: 2

## Cash Receipts And Disbursements Record

| Case Number: | 06-15578 BWB | Trustee: | THOMAS B. SULLIVAN, TRUSTEE (330180) |
|---|---|---|---|
| Case Name: | LEGAULT, JEAN MARIE | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | Account: | ***-*****55-65 - Money Market Account |
| Taxpayer ID #: | 13-7569122 | Blanket Bond: | $5,000,000.00   (per case limit) |
| Period Ending: | 09/14/07 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br><br>Paid To / Received From | 4<br><br>Description of Transaction | | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|---|
| | | | FEES | | | | | |
| | | JEAN MARIE LEGAULT | EXEMPTION TO<br>DEBTOR | -15,000.00 | 8100-002 | | | 31,316.33 |
| | | STILLW ATER HOA | HOMEOWNERS<br>ASSOC. | -1,427.95 | 2500-000 | | | 31,316.33 |
| | | DUPAGE RADON<br>CONTRACTORS | RADON REPAIRS | -1,075.00 | 2500-000 | | | 31,316.33 |
| | | MOISTURE WARRANTY | WARRANTY FOR<br>MOISTURE | -995.00 | 2500-000 | | | 31,316.33 |
| | | GROCHOCINSKI<br>GROCHOCINSKI & LLOYD | FEE FOR ORDER OF<br>HOA PAYOFF | -100.00 | 2500-000 | | | 31,316.33 |
| | | CHICAGO TITLE | OVERNIGHT DELIVERY<br>FEES | -30.00 | 2500-000 | | | 31,316.33 |
| 06/29/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.6500% | | 1270-000 | 9.47 | | 31,325.80 |
| 07/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.6500% | | 1270-000 | 17.84 | | 31,343.64 |
| 08/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.6500% | | 1270-000 | 17.29 | | 31,360.93 |

|  |  |  |
|---|---|---|
| ACCOUNT TOTALS | 31,360.93 | 0.00 | $31,360.93 |
| Less: Bank Transfers | 0.00 | 0.00 | |
| Subtotal | 31,360.93 | 0.00 | |
| Less: Payments to Debtors | | 15,000.00 | |
| NET Receipts / Disbursements | $31,360.93 | $-15,000.00 | |

{} Asset reference(s)

# Form 2

Page: 3

## Cash Receipts And Disbursements Record

| | |
|---|---|
| **Case Number:** | 06-15578 BWB |
| **Case Name:** | LEGAULT, JEAN MARIE |
| **Taxpayer ID #:** | 13-7569122 |
| **Period Ending:** | 09/14/07 |

| | |
|---|---|
| **Trustee:** | THOMAS B. SULLIVAN, TRUSTEE (330180) |
| **Bank Name:** | JPMORGAN CHASE BANK, N.A. |
| **Account:** | ***-*****55-66 - Checking Account |
| **Blanket Bond:** | $5,000,000.00   (per case limit) |
| **Separate Bond:** | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| (No Transactions on File for this Period) | | | **ACCOUNT TOTALS** | | 0.00 | 0.00 | $0.00 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 0.00 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$0.00** | **$0.00** | |

| | |
|---|---|
| Net Receipts : | 31,360.93 |
| Plus Gross Adjustments : | 515,683.67 |
| Less Payments to Debtor : | 15,000.00 |
| Less Other Noncompensable Items : | 31,316.32 |
| Net Estate : | $500,728.28 |

| TOTAL - ALL ACCOUNTS | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| MMA # ***-*****55-65 | 31,360.93 | -15,000.00 | 31,360.93 |
| Checking # ***-*****55-66 | 0.00 | 0.00 | 0.00 |
| | $31,360.93 | $0.00 | $31,360.93 |

{} Asset reference(s)

Printed: 09/14/2007 11:37 AM     V.9.55

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE:                                    CHAPTER 7 CASE

LEGAULT, JEAN MARIE

                                          CASE NO. 06-15578 BWB

                                          JUDGE BRUCE W. BLACK

                    Debtor(s)

### PROPOSED DISTRIBUTION REPORT

    I, THOMAS B. SULLIVAN, TRUSTEE, herein, certify that I have reviewed all claims filed with the
Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose
to make the following distribution:

    SUMMARY OF DISTRIBUTION:

| | |
|---|---|
| Secured Claims: | $ 0.00 |
| Chapter 7 Administrative Expenses: | $ 29,529.85 |
| Chapter 11 Administrative Expenses: | $ 0.00 |
| Priority Claims (507(a)(2)-(a)(7)): | $ 0.00 |
| Secured Tax Liens: | $ 0.00 |
| Priority Tax Claims: | $ 0.00 |
| Other Priority Claims (507(a)(9)): | $ 0.00 |
| General Unsecured Claims: | $ 1,831.08 |
| | |
| TOTAL AMOUNT TO BE DISTRIBUTED: | $ 31,360.93 |

| 1. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| Secured Claims | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 2. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | | $ 29,529.85 | 100.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| ADMIN1 | THOMAS B. SULLIVAN, TRUSTEE | 21,500.00 | 21,500.00 |
| ADMIN2 | Grochocinski, Grochocinski & Lloyd, Ltd. | 6,500.00 | 6,500.00 |
| ADMIN3 | Grochocinski, Grochocinski & Lloyd, Ltd. | 46.85 | 46.85 |
| ADMIN4 | Alan D. Lasko | 1,470.00 | 1,470.00 |
| ADMIN5 | Alan D. Lasko | 13.00 | 13.00 |

| 3. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in possession (DIP) administrative expenses) | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 4. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL | $ 0.00 |

| 5. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §507(a)(3) - Wages, salaries or commissions limited to $4,300.00 | $      0.00 | 0.00% |

| CLAIM NUMBER CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|
| | TOTAL      $      0.00 | |

| 6. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §507(a)(4) - Contributions to Employee Benefit Funds | $      0.00 | 0.00% |

| CLAIM NUMBER CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|
| | TOTAL      $      0.00 | |

| 7. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §507(a)(5) - Farmers' and Fishermen's claims to the extent of $4,300.00 | $      0.00 | 0.00% |

| CLAIM NUMBER CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|
| | TOTAL      $      0.00 | |

| 8. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| 507(a)(6) - Deposits by consumers to the extent of $1,950.00 | $      0.00 | 0.00% |

| CLAIM NUMBER CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|
| | TOTAL      $      0.00 | |

| 9. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §507(a)(7) - Alimony | $      0.00 | 0.00% |

| CLAIM NUMBER CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|
| | TOTAL      $      0.00 | |

| 10. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §724(b)(6) - Tax Liens: | $          0.00 | 0.00% |

| CLAIM NUMBER CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|
| | TOTAL          $ | 0.00 |

| 11. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §507(a)(8) - Tax claims excluding fines and penalties | $          0.00 | 0.00% |

| CLAIM NUMBER CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|
| | TOTAL          $ | 0.00 |

| 12. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §507(a)(9) - Capital Commitments to FDIC, et al. | $          0.00 | 0.00% |

| CLAIM NUMBER CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|
| | TOTAL          $ | 0.00 |

| 13. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | $      8,673.60 | 21.11% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| 001 | KOHL'S | 411.06 | 86.78 |
| 002 | ECAST SETTLEMENT CORPORATION | 7,987.18 | 1,686.17 |
| 003 | NICOR | 275.36 | 58.13 |
| | | TOTAL          $ | 1,831.08 |

| 14. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| General Unsecured Subordinated claims | $          0.00 | 0.00% |

| CLAIM NUMBER CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|
| | TOTAL          $ | 0.00 |

| **15.**       **TYPE OF CLAIMS** | **TOTAL AMOUNT OF CLAIMS** | **FINAL DIVIDEND%** |
|---|---|---|
| §726(a)(3) - Late unsecured claims | $      0.00 | 0.00% |

| **CLAIM NUMBER CREDITOR** | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
|---|---|---|
| | TOTAL        $ | 0.00 |

| **16.**       **TYPE OF CLAIMS** | **TOTAL AMOUNT OF CLAIMS** | **FINAL DIVIDEND%** |
|---|---|---|
| §726(a)(4) - Fines/penalties | $      0.00 | 0.00% |

| **CLAIM NUMBER CREDITOR** | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
|---|---|---|
| | TOTAL        $ | 0.00 |

| **17.**       **TYPE OF CLAIMS** | **TOTAL AMOUNT OF CLAIMS** | **FINAL DIVIDEND%** |
|---|---|---|
| §726(a)(5) - Interest | $      0.00 | 0.00% |

| **CLAIM NUMBER CREDITOR** | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
|---|---|---|
| | TOTAL        $ | 0.00 |

| **18.**       **TYPE OF CLAIMS** | **TOTAL AMOUNT OF CLAIMS** | **FINAL DIVIDEND%** |
|---|---|---|
| §726(a)(6) - Surplus to Debtor | $      0.00 | 0.00% |

| **CLAIM NUMBER CREDITOR** | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
|---|---|---|
| | TOTAL        $ | 0.00 |

The following claims are not included in the distribution because they have been disallowed or barred by court order or have been withdrawn by the claimant:

| **TYPE OF CLAIM** | **CLAIM NUMBER** | **CREDITOR AND ADDRESS** | **AMOUNT OF CLAIM** | **DISALLOWED /WITHDRAWN (DESIGNATE)** |
|---|---|---|---|---|

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.


DATED: _____        _____

                                          THOMAS B. SULLIVAN, TRUSTEE

## PROFESSIONAL FEES AND EXPENSES

|  | Previously Allowed | Pending Compensation Applications | Fees & Expenses Total |
|---|---|---|---|
| **Attorney for Trustee** | | | |
| Grochocinski, Grochocinski & Lloyd, Ltd. Fees | 0.00 | 6,500.00 | |
| Grochocinski, Grochocinski & Lloyd, Ltd. Expenses | 0.00 | 46.85 | |
| | | | 6,546.85 |
| **Accountant for Trustee** | | | |
| Alan D. Lasko Fees | 0.00 | 1,470.00 | |
| Alan D. Lasko Expenses | 0.00 | 13.00 | |
| | | | 1,483.00 |
| **Attorney for Debtor** | | | |
| | | | 0.00 |
| **Other Professionals** | | | |
| | | | 0.00 |
| TOTALS | $ 0.00 | $ 8,029.85 | $ 8,029.85 |